[Crim. No. 3156.   First Dist., Div. Two.   Nov. 28, 1955.]

THE PEOPLE, Respondent, v. HOMER CRISEL,
Appellant.

Myron E. Etienne, Jr., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was convicted by a jury of burglary in the second degree. With a male companion appellant found himself in the country, in an automobile which was stalled because it had run out of gasoline. He had been drinking heavily. He walked to the nearest farmhouse to try to get some gasoline. It was broad daylight. When nobody answered his knock he violently kicked in the door and entered. The owner's brother-in-law followed him into the house and appellant, after violently attacking the brother-in-law, then fled. The crime charged was entry with intent to commit theft. The fact that the automobile was without gasoline and that appellant had gone to the house to get some if possible was testified to by appellant and his companion, and appellant denied any intention to commit theft. That the car was stalled and out of gasoline is admitted.

The trial court instructed the jury: "Where it appears that the defendant resorts to violence when discovered within the house, the evidence is sufficient to sustain an implied finding that the defendant's entry into the house was made with intent to commit the crime charged." When this instruction was read to the jury a juror asked to have it reread which was done. After the jury had retired they returned to the courtroom and at their request this instruction was read a third time.

The instruction may be technically correct (*People* v. *Hawkins*, 129 Cal.App. 720 [19 P.2d 249]) but it clearly was error to give it without also giving an instruction that to justify a conviction on circumstantial evidence, the facts and circumstances must not only be entirely consistent with guilt but must be inconsistent with any other rational conclusion. Where a specific intent is an element of the crime and circumstantial evidence is relied on to prove the intent this instruction must be given by the court on its own motion. (*People* v. *Yrigoyen*, 45 Cal.2d 46 [286 P.2d 1].)

Here the evidence of an intent to commit theft was entirely circumstantial. The court instructed the jury that from the circumstance of appellant's attack on the owner's brother-in-law the intent to commit theft could be inferred. Appellant's conduct might well be found to be that of a person in a drunken frenzy rather than that of one intending to commit a theft. ''Had the instruction in question been given, the jury might have concluded that the circumstantial evidence, while entirely consistent with defendant's guilt, was also consistent with a rational conclusion that he was innocent.'' (*People* v. *Yrigoyen, supra,* 45 Cal.2d at p. 46.)

Judgment reversed.

Kaufman, J., concurred.